IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronald G. Johnson,                        Case No. 4:18 CV 1026

      Petitioner,

   v.

                                          **ORDER**

Christopher LaRose, Warden

      Respondent.

## Background

*Pro se* Petitioner Ronald G. Johnson, a state inmate incarcerated in the Northeast Ohio Correctional Center, has filed a Petition for a Writ of *Habeas Corpus* under 28 U.S.C. § 2254. (Doc. 1.) The Petition relates to multiple sentences Petitioner has received in the Ohio state courts. Petitioner indicates he pled guilty to various crimes and received sentences in a number of cases in Fayette, Adams, Montgomery, Madison, and Highland Counties, and he seeks to challenge the Ohio Bureau of Sentence Computation's (OBSC) calculation of the term of his imprisonment on his multiple state convictions. He contends the OBSC has incorrectly calculated imposed sentences as consecutive rather than concurrent, requiring him to serve a longer period of time than was imposed. He contends he has fully served his sentences. His Petition asserts three grounds for *habeas corpus* relief, that his continued incarceration based on the OBSC's computation of his prison term: (1) constitutes false imprisonment under state law; (2) violates Ohio law which sets a fifteen year limit on multiple consecutive sentences; and (3) violates the federal constitutional guarantees to Equal

Protection and against Double Jeopardy. He asks the Court to vacate his "wrongfully imposed duplicate consecutive terms imposed by the [OBSC]," award him damages, and order his immediate release. (Doc. No. 5 at 1.)

**Analysis**

Federal district courts conduct an initial review of *habeas corpus* petitions. 28 U.S.C. § 2243; 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A district court must dismiss a petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

It is apparent from the face the Petition that Petitioner is not entitled to *habeas corpus* relief in district court.

A federal court may grant a petition for a writ of *habeas corpus* filed by a person in state custody "only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States" and only if it appears that "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(a) & (b)(1)(A). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Moreover, to comply with the exhaustion requirement, the claim must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). The Petition on its face indicates Petitioner has not pursued, much less fully exhausted, any of the claims he asserts in his Petition in the Ohio courts. Accordingly, his Petition must be dismissed for failure to exhaust.

Furthermore, while incarcerating a prisoner after the expiration of his maximum sentence may result in a constitutional violation, "the actual computation of [a petitioner's] prison term involves a matter of state law that is not cognizable under 28 U.S.C. § 2254." *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003). Grounds One and Two as asserted in the Petition are not cognizable on federal *habeas corpus* review because they are state-law claims and seek to challenge the manner in which the OBSC is calculating Petitioner's state sentences under Ohio law.

**Conclusion**

Accordingly, Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but his Petition is dismissed in accordance with Rule 4 of the Rules Governing Section 2254 Cases. This dismissal is without prejudice to any federal constitutional claim the Petitioner may properly pursue in a *habeas corpus* petition after full exhaustion of his state remedies. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ James G. Carr
Sr. U.S. District Judge