**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Ronald G. Johnson,                                    Case No. 4:18CV1026

        Petitioner

    v.                                                                **ORDER**

Warden Christopher LaRose,

        Respondent

        This *pro se* state prisoner's habeas corpus case is back before me on the petitioner's motions for reconsideration and other relief.

        The petitioner is serving a lengthy sentence that comprises: 1) an indefinite seven-to-twenty-five-year sentence for a 1987 voluntary-manslaughter conviction; and 2) a twelve-year sentence for a series of 2006 convictions based on offenses the petitioner committed in multiple Ohio counties while on parole from the 1987 sentence. (Doc. 1 at 1). The petitioner essentially claims that the Ohio Bureau of Sentence Computation miscalculated how long he must remain in prison, thereby violating his rights under state and federal law.

        In a prior order, I concluded that petitioner had not exhausted his state-court remedies and so dismissed his petition without prejudice. *Johnson v. LaRose*, 2018 WL 3742707 (N.D. Ohio 2018). I based that conclusion on petitioner's statements that he had not appealed any of his convictions, sought post-conviction relief, or otherwise litigated his claims in the Ohio courts. (Doc. 1 at 2–5, 6–14).

Before I could rule on the motion for reconsideration, petitioner filed a notice of appeal. The Sixth Circuit then held the appeal in abeyance pending my ruling on the reconsideration motion. (Doc. 18).

The motion for reconsideration explains that petitioner has, in fact, litigated his claims in the Ohio courts. (Doc. 13). Specifically, petitioner notes that he challenged his sentence by way of a habeas corpus petition in the Ohio Supreme Court. (*Id.* at 1) (citing *Johnson v. Moore*, 149 Ohio St. 3d 716 (2017)). It also appears that he sought mandamus relief from the state appellate court. *State ex rel. Johnson v. Bureau of Sentence Computation*, 2018-Ohio-4338 (Ohio App. 2018).

Although a motion for reconsideration is not the place to make new arguments of this sort, I will, in light of the petitioner's *pro se* status and the petitioner's expeditious filing of a motion for reconsideration, grant the motion, vacate the dismissal of the petition, and reinstate this case. Because my original decision turned on the apparent unexhausted nature of the petitioner's claims, and given petitioner's representation that he has, in fact, tried to litigate those claims in the Ohio courts, it would be unjust to let my original decision stand.

It is, therefore,

ORDERED THAT:

1.   The petitioner's motion for reconsideration (Doc. 13) be, and the same hereby is, granted. The order and judgment entered on August 7, 2018 be, and the same hereby are, vacated, and this case is returned to the court's active docket.

2.   In accordance with Local Rule 3.1, this case be, and the same hereby is, referred to United States Magistrate Judge William H. Baughman, Jr., for the preparation of a Report and Recommendation.

3.      Petitioner's motions to issue a subpoena (Doc. 9), for summary judgment (Doc. 10), and for the appointment of counsel (Doc. 14) be, and the same hereby are, denied without prejudice to renewal before the Magistrate Judge, provided that the petitioner comply with all orders and briefing schedules issued by the Magistrate Judge.

4.      The Clerk of Court shall transmit a copy of this order to the United States Court of Appeals for the Sixth Circuit

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge