IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD G. JOHNSON, | ) | CASE NO. 4:18 CV 1026 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN CHRISTOPHER LAROSE, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Before me by referral[1] is the *pro se* petition of Ronald G. Johnson for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Pending before me are Johnson's motion to compel discovery,[3] which is opposed by the State,[4] and Johnson's motion for appointment of counsel.[5] For the reasons that follow, I will recommend that this petition be dismissed as an unauthorized second or successive petition.

The State, in its brief opposing Johnson's motion for discovery, asserts that this Court lacks jurisdiction over Johnson's habeas petition because it is a second or successive petition, requiring prior permission to file from the Sixth Circuit, which was not obtained.[6]

---

[1] ECF No. 21. This matter was referred to me in accordance with Local Rule 3.1 on December 21, 2018, by United States District Judge James G. Carr for the preparation of a Report and Recommendation, and to consider any motions that were re-asserted to me after being denied without prejudice by the District Judge.
[2] ECF No. 1.
[3] ECF No. 24.
[4] ECF No. 26.
[5] ECF No. 27.
[6] ECF No. 26 at 2.

The State notes that Johnson has previously filed a habeas petition in the Southern District of Ohio challenging the method of computing his sentence, which is the same issue here.[7] That petition was dismissed in 2016 as untimely filed.[8] A dismissal for untimeliness constitutes a dismissal on the merits for purposes of the successive petition rule.[9]

The United States Supreme Court in *Magwood v. Patterson*[10] provides explicit direction for this Court in the present circumstances:

> The district court must dismiss any claim presented in an authorized second or successive petition unless the applicant shows that the claim satisfies certain statutory requirements. See § 2254(b)(4). Thus if [the petitioner's] application was "second or successive," the District Court should have dismissed it in its entirety because [the petitioner] failed to obtain the requisite authorization from the Court of Appeals.[11]

Here, the sentencing claims Johnson attempts to assert in the current habeas filing are the same as those raised previously in the habeas petition that was dismissed as untimely by the federal district court in 2016. Further, Johnson has not sought or received permission from the Sixth Circuit to file this petition. Thus, this Court, under *Magwood*, lacks jurisdiction over this petition and must dismiss it in its entirety.

IT IS SO RECOMMENDED.

---

[7] *Id.* (citing *Johnson v. Moore*, No. 3:15-cv-407, 2016 WL 4131859 (S.D. Ohio August 2, 2016), *adopting report and recommendation, as supplemented*). The State also observes in some detail that "Johnson has papered the Ohio state and federal courts" with some 20 cases on this same question since 2016, filing no less than seven cases in 2018 alone on the same issue in Ohio and federal courts. ECF No. 26 at 1-2, fn.1 (listing cases).
[8] ECF No. 26 at 2.
[9] *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000).
[10] 561 U.S. 320 (2010).
[11] *Id.* at 331.

Dated: January 31, 2019                     s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[12]

---

[12] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).